Parsons, C. J.
The question between the parties is, whether the underwriters are answerable for the loss of the vessel in the manner and at the time stated in the case. — The counsel for the plaintiffs has argued that the brig could not, within the intention of the parties, be considered as moored in safety, until the weather was such that she might safely land her cargo. — On the other side, it is contended that the brig was in safety, until she received some damage from a cause insured against, for which the assurer was answerable; and consequently that she was in safety after having been moored twenty-four hours.
We have considered this point with some attention, and are sat isfied that the verdict must be set aside.
The effect of this clause in policies, assuring a vessel after she shall have arrived at her port of destination, and been moored at anchor twenty-four hours in safety, is in * fact a prolonging of the timé for which the assurers [*315] have engaged to be liable, without varying the nature of the perils insured against. If, without this clause, the vessel be insured to her port of destination, the voyage is determined on her arrival and being moored on the usual anchorage ground; but with this clause, the policy is further extended twenty-four hours. If, therefore, no loss, for which the underwriters are answerable, shall happen during the voyage, or during twenty-four hours after, they are discharged. And the vessel is safe within the terms of the policy, until she suffers a loss insured against.
This construction seems necessary, to give some termination to the risk; for, if we adopt the construction of the plaintiffs’ counsel, that the vessel is .not moored in safety while she is in hazard of a loss, she never can be moored in safety ; for in the finest weather she may be in danger of fire, lightning, enemies, and other perils, if not exposed to any sea-risks.
*258 The insurance is not on the cargo; and whether the weather was suitable for unlading the cargo, or not, is no concern of the assurers. They did not stipulate for the safety of the cargo, or for the convenience of landing it. They are answerable only for losses on the vessel during the voyage, and for twenty-four hours longer, arising from perils insured against. (3)
Let the verdict be set aside, and, according to the agreement of the parties, let judgment be entered that the plaintiffs take nothing by their writ, and that the defendant recover his costs.

 [The vessel must have arrived at a safe or usual place of anchorage, or the voyage will not have terminated. Dickey vs. United Ins. Co., 11 Johns. 358. — Ed.]